UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR ALFREDO TORRES,<br><br>                Petitioner,<br><br>   v.<br><br>JAMES A. YATES,<br><br>                Respondent. | 1:07-CV-00328 LJO SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. #14] |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

      Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, following his conviction by jury trial on August 13, 2004, of: two counts of forcible rape in violation of Cal. Penal Code § 261(a)(2); one count of forcible oral copulation in violation of Cal. Penal Code § 288(c)(2); one count of committing a lewd act on a child under the age of fourteen in violation of Cal. Penal Code § 288(a);

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, and the lodged documents in support of Respondent's motion to dismiss.

and one count of forcible sodomy in violation of Cal. Penal Code § 286(c)(2). CT[2] 80-85. Petitioner was sentenced to serve a total determinate prison term of twenty-six years. Id.

Petitioner thereafter appealed the conviction. On March 17, 2006, the California Court of Appeal, Fifth Appellate District (hereinafter "5th DCA") modified the judgment to reflect that Petitioner was sentenced to a full and separate consecutive six year sentence on count 3 for a total prison term of 30 years. See Lodged Document No. 4.

On April 24, 2006, Petitioner filed a petition for review with the California Supreme Court. See Lodged Document No. 5. The petition was summarily denied on June 14, 2006. Id.

On February 20, 2007, Petitioner filed the instant petition for writ of habeas corpus in the Sacramento Division of the U.S. District Court for the Eastern District of California. On February 28, 2007, the matter was ordered transferred to the Fresno Division. In the petition, Petitioner raise four grounds for relief: 1) "[Petitioner's] conviction must be reversed because the prosecution of the offenses was time-barred"; 2) "The lewd acts conviction, Count Five, must be reversed on idependant [sic] grounds, namely that section 803(b)'s 'Substantial Sexual Conduct' requirment [sic] was not satisfied, and the jury was improperly instructed"; 3) "Alternately, the sentence on Count Five, the conviction of lewd conduct commited [sic] against Monica, should have been stayed pursuant to Penal Code section 654"; and 4) "[Petitioner] was denied his Sixth Amendment right to a jury determination of those facts necessary to warant [sic] imposition of a full consecutive sentence on count four under section 667.6(c)."

On May 15, 2007, Respondent filed a motion to dismiss the petition as a mixed petition containing exhausted and unexhausted claims. Petitioner did not file an opposition.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules

---

[2]"CT" refers to the Clerk's Transcript on Appeal which has been lodged with the Court by Respondent.

1  Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the
2  attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth
3  Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to
4  exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing
5  § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d
6  599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).
7  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's
8  motion for dismissal pursuant to its authority under Rule 4.

9  B.  Exhaustion of State Remedies

10     A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
11 petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The
12 exhaustion doctrine is based on comity to the state court and gives the state court the initial
13 opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501
14 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,
15 1163 (9th Cir. 1988).

16     A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
17 full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.
18 Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88
19 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full
20 and fair opportunity to hear a claim if the petitioner has presented the highest state court with the
21 claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504
22 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

23     Additionally, the petitioner must have specifically told the state court that he was raising a
24 federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669
25 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);
26 Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court
27 reiterated the rule as follows:
28         In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion

> of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the amended petition before the Court, Petitioner raises four grounds for relief. Respondent concedes that Grounds One and Four are exhausted; however, Respondent argues that Grounds Two and Three have not been presented to the California Supreme Court and are therefore unexhausted. The Court has reviewed the petition for review filed with the California Supreme Court. Neither ground was presented in said petition for review; thus, they remain unexhausted. In any case, both claims fail to raise a federal question inasmuch as the claims only present errors of state law. Generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").

The instant petition is a mixed petition containing exhausted and unexhausted claims. The

1  Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust
2  the claim if he can do so.  See Rose, 455 U.S. at 521-22.  However, Petitioner will be provided with
3  an opportunity to withdraw the unexhausted claims and go forward with the exhausted claims.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED without prejudice.[3] This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Petitioner may, at his option, move to withdraw the unexhausted claim within thirty (30) days of the date of service of this Recommendation and proceed with only the exhausted claim. If Petitioner fails to withdraw the unexhausted claim within the thirty (30) day time frame, the Recommendation will be submitted to the District Judge for dismissal of the petition so Petitioner can return to state court to exhaust his unexhausted claim. Rose, 455 U.S. at 520. This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by 28 U.S.C. § 2244(d).  Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001).

Within thirty (30) days after being served with a copy of this Findings and Recommendation,

---

[3] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions.  See In re Turner, 101 F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims.  See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court.  The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

1. any party may file written objections with the Court and serve a copy on all parties.  Such a
2. document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."
3. Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if
4. served by mail) after service of the Objections.  Provided Petitioner does not move to withdraw the
5. unexhausted claim, the Finding and Recommendation will be submitted to the District Court for
6. review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
7. advised that failure to file objections within the specified time may waive the right to appeal the
8. Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9. IT IS SO ORDERED.
10. **Dated:   July 10, 2007**                            **/s/ Sandra M. Snyder**
    UNITED STATES MAGISTRATE JUDGE