IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CESAR ALFREDO TORRES,

    Petitioner,

  v.

JAMES A. YATES,

    Respondent.
                                       /

No. 1:07-00328 CW (HC)

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

On April 20, 2007, Petitioner Cesar Alfredo Torres, a state prisoner incarcerated at Pleasant Valley State Prison, filed a petition for a writ of habeas corpus on the grounds that the prosecution of his offenses violated the Constitution's Ex Post Facto Clause and that he was unconstitutionally sentenced to consecutive terms. On December 31, 2008, Respondent filed an answer. Petitioner has not filed a traverse. Having read all the papers filed by the parties, the Court DENIES the petition.

PROCEDURAL BACKGROUND

On February 11, 2004, an information was filed against Petitioner and, on August 11, 2004, an amended information was filed, charging him with the following offenses: three counts of forcible rape in violation of California Penal Code § 261(a)(2)[1] (counts 1, 4 and 7), oral copulation with a person under the age of

---

[1] All further statutory references are to the California Penal Code, unless otherwise noted.

fourteen in violation of § 288a(c)(1) (count 2), forcible oral copulation in violation of § 288a(c)(2) (count 3), two counts of committing a lewd act on a child under the age of fourteen in violation of § 288(a) (counts 5 and 6), forcible sodomy in violation of § 286(c)(2) (count 8), and sodomy with a person under the age of fourteen and more than ten years younger than Petitioner in violation of § 286(c)(1) (count 9). On August 11, 2004, a jury trial began. On Petitioner's motion, counts 6, 7, and 9 were dismissed. On August 13, 2004, the jury returned a verdict of guilty as to counts 1 and 4 for forcible rape, count 3 for forcible oral copulation, count 5 for committing a lewd act on a child under the age of fourteen, and count 8 for forcible sodomy. Petitioner was found not guilty as to count 2.

On October 14, 2004, Petitioner was sentenced to a twenty-six year prison term consisting of: consecutive six-year terms for counts 1, 4, 5, and 8, and a consecutive two-year term (one-third the midterm) for count 3. The trial court did not impose a full, consecutive term on count 3 because that would have required the court to find that multiple victims were involved in the offense. The court concluded this would violate the rule of Apprendi v. New Jersey, 530 U.S. 466, 488-90 (2000), and Blakely v. Washington, 542 U.S. 296, 303-04 (2004), that other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

Petitioner timely appealed the imposition of the consecutive sentences and the denial of his Ex Post Facto Clause and statute of limitations claims. The appellate court held that "there is no

2

requirement that the factual prerequisite for the imposition of full-term consecutive sentences under § 667.6(d) be submitted to the jury." Resp's Lodged Item # 5, People v. Torres, No. F046568 at 12-13 (Cal. App. Mar. 17, 2006).[2] The court struck the one-third minimum sentence on count 3 and modified it to a separate, full, six-year consecutive sentence. Id. at 14. The court also rejected Petitioner's claim that his prosecution for the charged offenses violated the Ex Post Facto Clause and the claim that the prosecution was time-barred.[3] Petitioner filed a petition for review with the California Supreme Court, which summarily denied it.

FACTUAL BACKGROUND

The following facts are taken from the appellate court's opinion. Maria, Monica and Myra are sisters who lived with their grandparents in the mid-1980's while their parents were farm workers. Petitioner lived with them. Maria, who was twenty-five at the time of the trial, testified that Petitioner molested her from the time she was eight years old until she was twelve years old. Maria did not disclose the abuse until late 2003 or early 2004 because she was afraid of Petitioner.

Monica, who was twenty-three years old at the time of the trial, testified that Petitioner began molesting her when she was

---

[2] Section 667.6 requires the court to impose full, consecutive sentences for certain offenses, including rape and forcible sodomy, if the crimes involve separate victims or involve the same victim on different occasions. Cal. Penal Code § 667.6.

[3] A law violates the Ex Post Facto Clause if it: (1) punishes as criminal an act which was innocent when committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed. Collins v. Youngblood, 497 U.S. 37, 42 (1990).

3

seven or eight years old and continued to do so until she was ten. She testified that Petitioner threatened that he would hurt her or her grandmother if she ever told anyone.

Myra, who was twenty years old at the time of the trial, testified that Petitioner molested her from when she was four or five until she finished first grade. She also testified that Petitioner told her not to say anything.

Petitioner's defense was that he never inappropriately touched Maria, Monica or Myra. Cynthia, the victims' cousin, testified, on Petitioner's behalf, that he never molested her or tried to touch her inappropriately.

LEGAL STANDARD

A federal court may entertain a habeas petition from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts

4

materially indistinguishable from those in a controlling case, but nonetheless reaches a different result. Clark v. Murphy, 331 F.3d 1062, 1067 (9th. Cir. 2003).

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is the holdings of the Supreme Court as of the time of the relevant state court decision. Williams v. Taylor, 529 U.S. 362, 412 (2000).

To determine whether the state court's decision is contrary to, or involved an unreasonable application of, clearly established law, a federal court looks to the decision of the highest state court that addressed the merits of a petitioner's claim in a reasoned decision. LaJoie v. Thompson, 217 F.3d 663, 669 n.7 (9th Cir. 2000). In the present case, the appellate court is the only state court to address the merits of Petitioner's claims.

## DISCUSSION

I. Statute of Limitations and Violation of Ex Post Facto Clause

Petitioner argues his conviction must be reversed because the prosecution of the offenses charged against him were time-barred and violated the Constitution's Ex Post Facto Clause, relying on Stogner v. California, 539 U.S. 607 (2003).

The California appellate court explained that the information against Petitioner was filed pursuant to § 803(g)(1) which, at the time,[4] provided:

> Notwithstanding any other limitation of time described in this chapter, a criminal complaint may be filed within one year of the date of a report to a California law enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, was the victim of a crime described in Section 261, 286, 288,

---

[4] Section 803(g) was subsequently amended.

288a, 288.5, 289, or 289.5.

People v. Torres at 6. It noted that the earliest the statute of limitations could have expired on Petitioner's charged offenses was January 1, 1994 and that the legislature enacted § 803(g) effective January 1, 1994. Id. at 5-6. The court also noted that the action against Petitioner was first filed on February 11, 2004, within one year from the date the crimes were reported and that it met the other requirements of § 803(g). Id. at 6. Therefore, the court concluded that the charges were timely filed.

The court then explained that in Stogner, the Supreme Court held that § 803(g) was unconstitutional only when applied to offenses in which the statute of limitations had expired before the effective date of § 803(g). Id. at 6-7. Because the statute of limitations for Petitioner's offenses had not expired when § 803(g) became effective, the court held they were not barred.

The appellate court's interpretation of Stogner is correct. In Stogner, the Supreme Court held that the Ex Post Facto Clause prohibited criminal prosecutions that the passage of time had previously barred because it inflicted punishment where the party was not, by law, liable to any punishment. 539 U.S. at 610. However, the Court explicitly excepted those cases in which the statute of limitations for the offense in question had not expired because the party could still be punished for the alleged crime. Id. at 613, 618. Because the statute of limitations on the offenses charged against Petitioner had not expired on the effective date of § 803(g), the Ex Post Facto Clause does not apply.

In his petition for review to the California Supreme Court,

Petitioner pointed out that a condition precedent to the operation of § 803(g), included in the statute itself, is that the limitations period specified for the charged offenses must have expired. Petitioner concluded that this condition made it subject to the Ex Post Facto Clause as explicated in Stogner. Petitioner is incorrect. The expiration of the statute of limitations on the offenses would have to be a condition precedent to the operation of § 803(g); if the limitations period had not expired, there would be no need for § 803(g). Because the statute of limitations had not expired on the charged offenses when § 803(g) became effective, application of § 803(g) did not subject Petitioner to an unconstitutional extension of punishment for those offenses. The fact that, in 2004, when the information was filed, the statute of limitations on the offenses had expired does not change this.

Therefore, the state court's denial of this claim was not contrary to or an unreasonable application of established Supreme Court authority.

II. Imposition of Consecutive Sentences

Petitioner argues that he was improperly sentenced to consecutive sentences under § 667.6 in violation of his Fifth, Sixth and Fourteenth Amendment rights. Petitioner's theory is that because the court, rather than a jury, found that the offenses involved separate victims or the same victim on separate occasions, his right to a jury trial on all facts increasing his sentence, as explicated in Apprendi and Blakely, was violated.

However, Petitioner's argument is foreclosed by a recent Supreme Court case, Oregon v. Ice, __ U.S. __, 129 S. Ct. 711 (2009). At issue in Ice was an Oregon statute which required a

finding of certain facts about the charged offenses before the judge could impose consecutive sentences. Id. at 715. The petitioner argued that the Sixth Amendment's guarantee of a jury trial, as stated in Apprendi and Blakely, required that the jury, rather than the judge, determine any fact that increased the maximum punishment authorized for a particular crime, which included the imposition of consecutive sentences. Id. at 716. Declining to extend Apprendi and Blakely, the Court held that the Sixth Amendment does not prohibit states from assigning to judges, rather than to juries, the finding of facts necessary to impose consecutive, rather than concurrent, sentences for certain offenses. Id. at 718.

Thus, pursuant to Ice, Petitioner's claim that the imposition of consecutive sentences violated his constitutional rights fails. The state court's denial of this claim was not contrary to or an unreasonable application of Supreme Court authority.

CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus is DENIED. The Clerk of the Court shall enter judgment and close the case.

IT IS SO ORDERED.

Dated: 4/1/09

CLAUDIA WILKEN
United States District Judge